UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TORRANCE ROYSTER,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW DARLING, STEVEN HANSMANN, JOAN FABIAN, JOSHUA BURDINE, ROBERT BRUBER, MICHELL RIORDAN, KEVIN BYER, Ofc. BREWER, ROBERT STELLE, Sgt. DAVIS, Sgt. McCARTY, ROBERT FENEIS and ERIK SKON,<br><br>    Defendants. | Civil No. 05-947 (DSD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Minnesota Correctional Facility at Rush City, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to several of the named Defendants, and it will therefore be recommended that this action be summarily dismissed as to those Defendants.

**I. BACKGROUND**

Plaintiff alleges that on June 23, 2004, he informed several of the named Defendants that he was suffering from back pain. He asked some of the named Defendants for medical assistance, but they allegedly failed to properly respond to his request. Eventually, a nurse

looked at Plaintiff through the door of his cell, and asked him some questions, but allegedly declined to physically examine him. The nurse allegedly left Plaintiff without providing any medical care for his back pain.

Thereafter, Defendant Andrew Darling allegedly sprayed Plaintiff with pepper spray, and Plaintiff was then "assisted" to "a quiet cell." (Complaint, [Docket No. 1], p. 5, § IV.) Plaintiff claims that he was then stripped of his clothing, shackled, and "pressed down" by unidentified prison staff members.

There are no allegations suggesting that Plaintiff suffered any injury as a result of any of the matters described in his complaint, but he is nevertheless seeking an award of "monetary & compensatory damages of $71,638.00."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to several named Defendants because Plaintiff's complaint fails to state any actionable claim against them.

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently

2

is attempting to do here, a complainant must allege historical facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added).

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim against Defendants Joan Fabian, Michell Riordan, Ofc. Brewer, Robert Stelle, Sgt. Davis, Sgt. McCarty, Robert Feneis, and Erik Skon, because it does not contain any factual allegations

describing anything that any of those named Defendants purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, several of the named Defendants – i.e., Fabian, Brewer, McCarty, Feneis and Skon – are not even mentioned in the meager substantive allegations of Plaintiff's complaint. There is nothing to indicate that any of these Defendants is even aware of the incident described in Plaintiff's pleading.[1]

The complaint also fails to state any actionable claim against Defendants Riordan, Stelle and Davis. According to the complaint, Riordan and Stelle merely held a videocamera during the incident on which Plaintiff's claims are based. There are no allegations showing that either Riordan or Stelle did anything (or failed to do anything) that could be viewed as a violation of Plaintiff's federal constitutional rights. It is even more clear that Plaintiff has failed to state any actionable claim against Defendant Davis. Plaintiff has alleged only that he asked someone to tell Defendant Davis about his back pain. Although Davis is mentioned in the complaint, there are no allegations suggesting that he was actually aware of the incident on which Plaintiff's claims are based. There certainly are no allegations suggesting that Davis violated Plaintiff's constitutional rights.

## III. CONCLUSION

For the reasons discussed above, it is recommended that this action be summarily

---

[1] Although Plaintiff has not specifically pleaded the doctrine of respondeat superior, it appears that he may be seeking relief against several of the named Defendants based solely on the alleged misconduct of a subordinate. In other words, Plaintiff may be claiming that some of the named Defendants should be held vicariously liable for the alleged wrongdoing of their subordinates. Such claims, however, are not legally cognizable, because it is well-settled that respondeat superior is not applicable in § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

dismissed as to Defendants Fabian, Riordan, Brewer, Stelle, Davis, McCarty, Feneis, and Skon, pursuant to 28 U.S.C. § 1915A(b). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other named Defendants, and Plaintiff will be allowed to pursue his claims against those Defendants at this time.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants Joan Fabian, Michell Riordan, Ofc. Brewer, Robert Stelle, Sgt. Davis, Sgt. McCarty, Robert Feneis, and Erik Skon, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the other Defendants named in his complaint be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated: May 23, 2005

   s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 6, 2005.