UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TORRANCE ROYSTER,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW DARLING, STEVEN HANSMANN, JOAN FABIAN, JOSHUA BURDINE, ROBERT BRUBER, MICHELL RIORDAN, KEVIN BYER, Ofc. BREWER, ROBERT STELLE, Sgt. DAVIS, Sgt. McCARTY, ROBERT FENEIS and ERIK SKON,<br><br>      Defendants. | Civil No. 05-947 (RHK/AJB)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is presently before the Court for the purpose of determining whether Plaintiff has complied with the requirements of the order dated May 23, 2005. (Docket No. 5.) That order directed Plaintiff to file one copy of his complaint and one properly completed U.S. Marshal service form, (USM-285), for each Defendant to be served in this matter. Plaintiff was advised that the Marshal would not be able to serve the named Defendants, and that this case could not go forward, unless he filed the necessary marshal service forms and extra copies of his complaint. The order also expressly advised Plaintiff that if he did not file his marshal service forms within thirty days, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

      Plaintiff later filed a motion requesting an extension of the deadline for submitting his marshal service forms and extra copies of his pleading. (Docket No. 10.) Plaintiff's motion

for extension was granted by the Court's order of June 27, 2005, (Docket No. 12), and he was then given until July 8, 2005, to submit his marshal service forms and the extra copies of his complaint.

On July 13, 2005, the Court granted Plaintiff another extension of the deadline for submitting his marshal service materials. (Docket 15.) Plaintiff was ordered to submit his marshal service forms and extra copies of his complaint by August 1, 2005, and he was advised (once again) that this action would be summarily dismissed if he failed to do so.

The second extended deadline for satisfying the requirements of the order of May 23, 2005, expired nearly six weeks ago, and Plaintiff still has not submitted the required marshal service forms and extra copies of the complaint. Nor has Plaintiff offered any explanation for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all since he filed his last request for a deadline extension nearly two months ago. Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: September  8 , 2005

                                   s/Arthur J. Boylan
                                   ARTHUR J. BOYLAN
                                   United States Magistrate Judge

       Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 22, 2005.