UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Torrance Royster,                                                             Civil No. 05-947 RHK/AJB

              Plaintiff,

v.                                                             **REPORT AND RECOMMENDATION**

Andrew Darling, et al.,

              Defendants.

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, for Report and Recommendation on defendants' Motion for Dismissal pursuant to Fed. R. Civ. P. 12 [Docket No. 35]. Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983. At the time the complaint was filed the plaintiff was a state prisoner incarcerated at the Minnesota Correctional Facility at Rush Lake, Minnesota.[1] The complaint alleges claims relating to plaintiff's efforts to obtain medical assistance and care for back pain and includes claims of physical mistreatment by corrections staff at the Rush Lake facility. Plaintiff seeks compensatory damages only. The precise constitutional basis for the claims is not indicated. though the court notes that medical and excessive force claims are typically reviewed in the context of the Eighth Amendment prohibition against cruel and unusual punishment.

Defendants now move for dismissal of the complaint on grounds that the Eleventh Amendment bars claims for money damages against the defendants with respect to official capacity claims; the complaint in this matter does not state any claims against defendants in their individual

---

[1] Plaintiff is presently in custody at MCF-Stillwater, Minnesota.

capacities; and the complaint should therefore be dismissed with respect to all defendants in the action.[2]

Plaintiff Torrance Royster has not submitted a memorandum in response to the motion to dismiss, despite having requested and been granted multiple extensions of time to file a response. For reasons discussed below, the court recommends that the defendants' motion for dismissal be granted and that the complaint in this action be dismissed with prejudice.

## DISCUSSION

**Procedural Background**

By Order of the magistrate judge dated May 23, 2007, plaintiff was required to submit a USM–285 Marshals Service Form for each of the five remaining defendants in the case. The prisoner requested and was granted two extensions of time to file the necessary forms, and upon his failure to meet an August 1, 2005, deadline, the magistrate judge recommended that the case be dismissed without prejudice for failure to comply with the court's Order. Plaintiff filed timely objections to the Report and Recommendation, but the district court overruled the objections and dismissed the case. On plaintiff's appeal to the Eighth Circuit the district court's dismissal was reversed on grounds that the prisoner's failure to comply with the court's order to submit USM-285 forms was not

---

[2] The initial complaint named Andrew Darling, Steven Hansmann, Joan Fabian, Joshua Burdine, Robert Bruber, Nitchell Riordan, Kevin Byer, Officer Brewer, Robert Stelle, Sgt. Davis, Sgt. McCarty, Warden Robert Feneis, and Erik Skon as defendants. By Order dated June 16, 2005, the district court adopted the recommendation of the magistrate judge and claims against all defendants except Darling, Hansmann, Burdine, Bruber, and Byer were dismissed. The Order also rejected plaintiff's motion to amend with respect to McCarty, Scott Wersheim (previously unnamed), Brewer, and Riordan, on grounds that the pleading did not satisfy the Local Rule 15.1 requirement that an amended pleading reproduce the entire pleading as amended. The court also expressly noted that, in any event, the proposed amended pleading failed to state actionable civil rights claims against those defendants. The court's file contains no proof of service of the complaint on defendant Kevin Byer.

deliberate. On remand the magistrate judge issued an Order dated October 16, 2006, again requiring the prisoner to submit USM–285 forms. The forms were ultimately submitted, summons were issued, and summons were returned indicating that defendants Darling, Burdine, and Bruber were each served on February 15, 2007; defendant Hansmann was served on December 29, 2006; and defendant Byer could not be served at the address provided by plaintiff. The motion to dismiss that is now before court was served by mail and filed on February 27, 2007. Thereafter, the magistrate judge issued an Order dated March 2, 2007, allowing plaintiff until April 1, 2007, to respond to the joint motion to dismiss. Meanwhile, the court received multiple indications and notices of plaintiff's change of address.[3] In any event, by motion dated April 3, 2007, Royster advised the court that he had not received the motion to dismiss until March 24, 2007, and he requested that he be allowed until April 28, 2007, to submit his response. An Order granting the extension and allowing plaintiff until April 30, 2007, to serve and file a memorandum and supporting materials was issued on April 10, 2007. However, by motion filed on April 30, 2007, plaintiff advised the court he had been confined to segregation and he requested further extension, specifically seeking until May 30, 2007, to respond to the motion to dismiss. Plaintiff's request was granted with the caveat that no additional extensions would be granted. Responsive materials were not submitted in the time permitted and have not since been received.[4]

---

[3] Plaintiff's notice of change of address to MCF–Lino Lakes dated March 21, 2007 [Docket No. 45]; letter from defendants' counsel filed March 22, 2007, providing same MCF–Lino Lakes address [Docket No. 47]; plaintiff's notice of change of address to MCF–Stillwater dated April 3, 2007 [Docket No. 48].

[4] Plaintiff has directly contacted the court as recently as May 23, 2007, at which time he filed a motion to disqualify the magistrate judge. That motion was denied by Order dated May 25, 2007 [Docket No. 60]. There is no indication in the court's file that plaintiff's address has changed, or that he not receiving material recently sent to him at MCF–Stillwater. Indeed, on June 14, 2007, the federal court was

**Background and Fact Allegations**

Plaintiff alleges in his § 1983 complaint that on June 3, 2004, he informed corrections officer Joshua Burdine that he was experiencing back pain and wanted to speak with the registered nurse who was conducting medical rounds, defendant Steven Hansmann. The nurse did not respond immediately and when the plaintiff continued to complain he was advised that the nurse had been contacted and would see the prisoner that night on a later medical round. Royster continued to complain of back pain and defendants Burdine and Robert Bruber again told plaintiff that he would have to wait until the nurse came on his medical round. At some point Bruber asked what the medical emergency was, and the plaintiff stated that he had back pain and difficulty breathing. Bruber then became verbally abusive and told plaintiff to get off the floor where he was laying on his stomach. Subsequently, the nurse, defendant Hansmann, arrived and asked about the back pain, but he essentially disregarded the complaint and left. Thereafter, defendant Andrew Darling sprayed plaintiff with pepper spray through the mail slot and plaintiff was stripped, shackled and escorted to a quiet cell, still pleading for help for his back pain. The complaint in this matter makes no assertion whatsoever with respect to whether individual defendants are sued in their official capacities or in their individual capacities.[5]

**Standard of Review**

---

copied on a notice of appeal to the Minnesota Court of Appeals on the Order denying the motion for disqualification.

[5] Likewise, upon court review of claims asserted in the proposed amended complaint which the court declined to allow plaintiff to file [Docket No. 7], there is no indication as to whether plaintiff wished to assert claims against any individual defendant in this matter in either an official capacity, an individual capacity, or both.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, on a defense of Eleventh Amendment immunity. On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the defendant must successfully challenge the complaint either on its face or through an attack on truthfulness of the factual allegations. Ringsred v. City of Duluth, 187 F.Supp.2d 1141, 1153 (D. Minn. 2001). In a facial challenge to subject matter jurisdiction the fact allegations are accepted as true and court merely asks whether jurisdiction exists under the circumstances. Id. (citing Deuser v. Vecera, 139 F.3d 1190, 1191 (8th Cir. 1998) and Berkovitz v. United States, 486 U.S. 531, 540, 108 S.Ct. 1954 (1988)). Pro se pleadings are held to a less stringent standard than attorney drafted pleadings. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972).

**Eleventh Amendment Immunity**

In an action under 42 U.S.C. § 1983 a public servant may be sued in an official capacity, an individual capacity or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). A suit against a public employee in that person's official capacity is merely a suit against the public employer. Id. (citing Kentucky v. Graham 473 U.S. 159, 165, 105 S.Ct. 3099, 3105-06 (1985)). The Eleventh Amendment protects the State and arms of the State from liability for damages in a §1983 action. This same immunity extends to state officials who are named as defendants in a §1983 action where the suit is brought against an individual acting in an official capacity. In such a case the action is not against the person but is against the office and is no different from a suit against the State itself. See Hafer v. Melo, 502 U.S. 21, 25-26, 112 S.Ct. 358, 361-62 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989). The court finds no basis upon

which to conclude that the State has waived its Eleventh Amendment immunity from suit under the circumstances presented in this case. Official capacity claims against all individually named defendants in this matter are essentially claims against the State of Minnesota and are barred by the Eleventh Amendment to the extent plaintiff seeks monetary damages. Claims based for actions taken by defendants in an official capacity should be dismissed pursuant to Rule 12(b)(1).

The Eleventh Amendment does not bar a suit for damages against a state official sued in a personal capacity, but such personal capacity suit must be expressly alleged in the complaint. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir 1995)(citing Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989)). Where a complaint is silent as to whether a defendant is sued in an official capacity or a personal capacity, the pleading will be interpreted as asserting official capacity claims only. Id. at 619-20. Neither a cryptic hint in the complaint nor a statement in response to a motion to dismiss is sufficient to constitute an assertion of a person capacity claim. Id. at 620. See also Stahl v. State of Minnesota, 2004 WL 724058, *3-*4 (D.Minn.)  Plaintiff Royster has not expressly alleged that defendants in this matter are sued in a personal capacity, and he has made no effort to amend his complaint to allege personal capacity claims, despite having ample opportunity to do so. But cf. Krych v. Hvass, 83 Fed.Appx. 854, 855 (8th Cir. 2003)(unpublished opinion).[6] Under the circumstances here the court construes the complaint to allege official capacity claims for damages only

---

[6] In Krych v. Hvass, 83 Fed.Appx. 854 at 855, in an unpublished decision, the Eighth Circuit panel determined that individual capacity claims had been alleged because the plaintiff indicated in his objections to the magistrate judge's report and recommendation that defendants were also sued in their individual capacities. Consequently, Krych supports the notion that a plaintiff could essentially amend the complaint through appropriate objections. Nonetheless, the case does not support survival of official capacity claims.

and those claims are barred under the Eleventh Amendment.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge **recommends** that defendants' Motion for Dismissal [Docket No. 35] be **granted** and that plaintiff Torrance Royster's complaint be **dismissed** with prejudice.

Dated:   June 18, 2007

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 3, 2007.