UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Torrance Royster,

          Plaintiff,

                        Civ. No. 05-947 (RHK/AJB)
                        **ORDER**

v.

Andrew Darling, *et al*.,

          Defendants.

     This matter is before the Court on pro se Plaintiff Torrance Royster's Objections (Doc. No. 64) to Magistrate Judge Arthur J. Boylan's June 18, 2007 Report and Recommendation (Doc. No. 63). Royster also has filed a request for appointment of counsel (Doc. No. 65).

     Royster is an inmate at the Minnesota Correctional Facility – Stillwater and Defendants are employees of the Minnesota Department of Corrections. Royster alleges Defendants violated his civil rights. In particular, he alleges that he informed Defendants that he had back pain, but Defendants denied him medical care and physically mistreated him, for which he seeks money damages against Defendants under 42 U.S.C. § 1983. Defendants moved to dismiss Royster's Complaint, but Royster failed to file a response; Magistrate Judge Boylan recommended that the Motion be granted.

     The Court has conducted a *de novo* review of Royster's Objections to the Report and Recommendation and concludes that Magistrate Judge Boylan's recommended

disposition is fully supported by the factual record before him and controlling legal principles. Royster has nowhere specified in his Complaint whether he has sued Defendants in their individual or official capacities. "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999); accord Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."). Magistrate Judge Boylan correctly assumed that Defendants were sued only in their official capacities. However, the Eleventh Amendment bars damages claims against state officials acting in their official capacities. Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Therefore, Plaintiff's Complaint fails as a matter of law.[1]

Finally, Royster seeks appointment of counsel, arguing that he is unable to afford counsel and that the issues in this case are complex. Royster has previously requested appointment of counsel for the same reasons asserted here and Magistrate Judge Boylan denied that request. (See Doc. Nos. 49, 55.) Accordingly, the Court adopts the reasoning of Magistrate Judge Boylan and denies Royster's request for appointment of counsel.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

---

[1] Royster did not file a response to Defendants' Motion to Dismiss despite being given every opportunity to do so. Nor did he make specific objections to the Report and Recommendation as to whether he has sued Defendants in their individual or official capacities. Accordingly, the Court concludes that dismissal of Royster's Complaint with prejudice is proper here.

**ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation (Doc. No. 64) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 63) is **ADOPTED** in its entirety;

3. Plaintiff's Request for Appointment of Counsel (Doc. No. 65) is **DENIED**; and

4. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  September 6, 2007

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge